**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-60273-HUCK**

**UNITED STATES OF AMERICA**

**vs.**

**PHILLIP MICHAEL VALCIN JR,**

**Defendant.**

_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida (collectively, "this Office") and PHILLIP MICHAEL VALCIN JR (hereinafter referred to as the "Defendant") enter into the following agreement:

1.      Defendant agrees to plead guilty to Count 1 and Count 30 of the Indictment. Count 1 charges Defendant with conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 1349.   Count 30 charges Defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

2.      This Office agrees to seek dismissal of the remaining counts of the Indictment, as to this Defendant only, after sentencing.

3.      Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court, relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   Defendant is

also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. Defendant also understands and acknowledges that, as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to thirty (30) years, followed by a term of supervised release of up to five (5) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 or twice the gross pecuniary gain or loss, whichever is greater, and may order forfeiture and restitution. As to Count 30, the Court must impose a sentence of two (2) years' imprisonment, which shall run consecutive to any term of imprisonment imposed for Count 1, and may also impose a term of supervised release up to one (1) year and a fine of up to $250,000.

5. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on Defendant. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment,

2

Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including, but not limited to,

3

committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.     This Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a)   That the base offense level is 7, pursuant to Section 2B1.1(a)(1);

(b)   That the relevant amount of actual, probable, or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is more than $1,500,000 and less than $3,500,000, resulting in an increase of 16 levels pursuant to Section 2B1.1(b)(1)(I);

(c)   That the offense involved 10 or more victims, resulting in an increase of 2 levels pursuant to Section 2B1.1(b)(2)(A)(i); and

(d)   That the offense involved the production or trafficking of any unauthorized access device or counterfeit access device, resulting in an increase of 2 levels pursuant to 2B1.1(b)(11)(B).

9.     Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court.   Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may not withdraw his plea based upon the Court's decision not

4

to accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

10.     Defendant agrees, in an individual and any other capacity, to forfeit to the United States voluntarily and immediately all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(2)(A).   In addition, Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

11.     Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets.   This assistance shall include:   disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12.     Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or

administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

13. Defendant understands and acknowledges that the Court must order restitution for the full amount of the victims' losses pursuant to 18 U.S.C. § 3663A. At the time of sentencing, the parties will either reach an agreement concerning restitution or will request a restitution hearing.

14. Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of his right to appeal his sentence. Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that

(1) the statute to which Defendant is pleading guilty is unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.   By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney.   Defendant further agrees, together with this Office, to request that the Court enter a specific finding that Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

15.   This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 3/19/26

By: _____
DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

Date: 3/2/26

_____
JAMES A. SWETZ
ATTORNEY FOR DEFENDANT

Date: 3/2/26

_____
PHILLIP MICHAEL VALCIN JR
DEFENDANT

7