**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:25-cr-60273-PCH

**UNITED STATES OF AMERICA**

**Plaintiff**

vs.

 **PHILIP MICHAEL VALCIN, JR. (5),**

**Defendant**

_____/

### DEFENDANT VALCIN'S OBJECTIONS TO DRAFT PSR AND MOTION FOR VARIANCE

1.      On March 19, 2026, the defendant pled guilty to Counts 1 and 30 of a 43-count Indictment. Count One charged him with conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349. Count 30 charged him with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

2.      Pursuant to a written plea agreement, the government agreed to dismiss Counts 9, 13, 18, 34 and 39 of the Indictment, as to Mr. Valcin, after sentencing. Mr. Valcin was not named in other counts of the Indictment.

3.      A presentence investigation was conducted, and a Draft Report ("PSR")  was made available on May 8, 2026.

### THE ADVISORY GUIDELINE CALCULATION IN THE PSR

4.      Valcin has a Base Offense Level ("BOL") of  7 [PSR, ¶69] and Special Offense Characteristics  which add 20 offense levels to the BOL, for an adjusted offense level of 27. [PSR, ¶¶ 70-76]

5.      Valcin is expected to receive a three-level reduction in his offense level for acceptance of responsibility thereby reducing his offense level to 24 [PSR, ¶¶78-80].

6.      According to the PSR, Valcin has six criminal history points and thus falls within Criminal History Category III. [PSR, ¶87]

**OBJECTIONS TO DRAFT PRESENTENCE REPORT**

7.      Valcin objects to Probation's failure to give him a mitigating role adjustment in ¶58, pursuant to §3B1.2. Under 3B1.2,  the offense level should be reduced by four levels if the defendant was a minimal participant, by two levels if he were a minor participant and by three levels for cases falling in between. In determining whether a mitigating role adjustment applies, "…the district court should consider, first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and, second, his role as compared to that of other participants in his relevant conduct." *United States v. Wright*, 862 F.3d 1265, 1277–78 (11th Cir. 2017).

The PSR denies a mitigating role adjustment for Mr. Valcin despite the disparity in conduct among Mr. Valcin and his co-defendants, the actual loss being less than the intended loss, where Mr. Valcin received very little money from the scheme (11 ATM transactions of $1000 each) and where his role would appear to be less than most of his co-defendants, or those who devised, organized and directed the scheme, stole the personal identifying information, etc. See Table, Breakdown of Individual Withdrawals/Acts Per PSR, infra. Consequently, Mr. Valcin should receive a reduction in his offense level under §3B1.2.

8.      Valcin objects to ¶82 and the assessment of one (1) criminal history point for his loitering conviction.  Under § 4A1.2(c)(2), sentences for loitering  "are never counted."

9.    Valcin objects to ¶82 and ¶87 stating Valcin has six criminal history points. Since a loitering conviction is never counted, Valcin has five criminal history points.

10.    Valcin objects to ¶111 and clarifies any mental health treatment he has received. Mr. Valcin has been in therapy since January 13, 2026. See Exh. 1. Letter dated March 25, 2026 from Dennis Villatoro, RMHCI.

11.    Valcin objects to ¶141 which states "probation officer has not identified any factors which may warrant a sentence outside the guideline range." On the contrary, there are reasons supporting a downward variance. In support thereof, Valcin files the following Motion for Downward Variance:

### VALCIN'S MOTION FOR VARIANCE FROM THE ADVISORY GUIDELINE RANGE

12.    The foregoing paragraphs are incorporated by reference.

13.    In determining a reasonable sentence, the Court must not only consider the sentencing guidelines but also the factors set forth in 18 U.S.C. §3553(a). The factors set forth in §3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;(3) the kinds of sentences available;(4) the advisory guideline range;(5) any pertinent policy statements issued by the Sentencing Commission;(6) the need to avoid unwarranted sentence disparities; and(7) the need to provide restitution to any victims of the offense.

14.    Valcin was arrested on November 20, 2025 and  indicted on March 19, 2026. The offense occurred during September 2020 through May 2022. [PSR, ¶¶ 1; 12] However, the PSR

3

indicates Valcin's involvement was from approximately April 12, 2021 to November 17, 2021 [PSR, ¶ 43].

15. Valcin is not the same person he was prior to November 2021. He has enrolled in college and is attempting to better himself. He has taken an active role in the care of his minor children. [PSR, ¶¶ 105; 115]. See also Motion to Modify Conditions [DE 99] and letters attached to this filing as Exhibits 1 and 2.

16. Mr. Valcin has been involved in weekly therapy since January 13, 2026. See Exh. 1. Letter dated March 25, 2026 from Dennis Villatoro, RMHCI.

17. Mr. Valcin accepts responsibility and is remorseful for his actions.

18. According to the PSR, Valcin's only involvement with the criminal justice system after November 2021 is a motor vehicle offense for which he pled guilty, had adjudication withheld, and paid $293.00 in fines.  [PSR, ¶¶ 86].

19. While Probation has alleged the defendants collectively caused the submission of false and fraudulent applications to CA-EDD for Pandemic UI Benefits on behalf of at least 149 unique identity theft victims and caused CA-EDD to pay Pandemic UI Benefits in the approximate amount of $2,095,831 disbursed to BOA Debit Accounts under the custody and control of Bank of America, the amounts obtained by each  defendant differs  markedly, as illustrated by the following table.

**BREAKDOWN OF INDIVIDUAL WITHDRAWALS/ACTS PER PSR**

| Defendant | Number  of ATM Withdrawals |
|---|---|
| Seivright [PSR, ¶¶ 37-39] | (at least) 98 separate |
| Carson [PSR, ¶¶ 40-42] | (at least) 45 separate |
| Snider [PSR, ¶¶ 46-48] | (at least) 3 separate |
| Ayton [PSR, ¶¶ 49-51] | (at least) 57 separate |
| Thomas [PSR, ¶¶ 34-46] | (at least) 116 separate |
| Chambers[PSR, ¶¶ 32-33] | (at least) 8 separate |
| Valcin [PSR, ¶¶ 43-45 | (at least) 11 separate |

20.     A variance for Mr. Valcin would also seem appropriate considering the disparity in conduct among Mr. Valcin and his co-defendants, where the actual loss was less than the intended loss, where Mr. Valcin received very little money from the scheme (11 ATM transactions of $1000 each) and that his role would appear to be less than most of his co-defendants. *See United States v. Clay,* 562 F. App'x 919, 926 (11th Cir. 2014)[1]

21.     If the Court were to sentence Mr. Valcin to an advisory guideline sentence under Count 1 followed by a two (2) year consecutive sentence on Count 30, the sentence would be greater than necessary under 18 U.S.C. §3553(a).

22.     An advisory guideline sentence under Count 1 is not the only sentence that would reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford adequate deterrence to criminal conduct.

23.     Considering what Mr. Valcin personally received from this crime, the difference between the actual loss and intended loss, Mr. Valcin's remorse, his effort to change his conduct and behavior before his arrest, his enrollment in college to better himself and his family, and participation in therapy, all support a sentence below the advisory guideline sentence under Count 1.

**WHEREFORE,** this Court should grant Valcin's Motion for a variance under §3553(a) and give him a sentence below the applicable advisory guideline range for Count 1, to be followed by the two-year consecutive sentence for Count 30.

Respectfully Submitted,

**s/JAMES A. SWETZ**
James A. Swetz, Esq.  (Florida Bar Number 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Philip Michael Valcin, Jr.

---

[1] Although the variance was denied in *Clay,* the Court recognized that the amount of the actual loss, the defendant's receipt of "little money," and her apparent lesser role were all factors to be considered in determining a defendant's motion for variance.

## CERTIFICATE OF SERVICE

I, James A. Swetz, Esquire, Attorney for Defendant, hereby certify that I served a copy of the foregoing Motion on May 22, 2026 by electronic delivery to all parties.

Respectfully Submitted,

s/**JAMES A. SWETZ**
James A. Swetz, Esq.  (Florida Bar Number 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Philip Michael Valcin, Jr.