**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-60273-PCH-5**

**UNITED STATES OF AMERICA**

**vs.**

**PHILLIP MICHAEL VALCIN JR.,**

**Defendant.**

_____/

**RESPONSE BY THE UNITED STATES TO**
**DEFENDANT PHILLIP MICHAEL VALCIN JR.'S**
**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT [DE 215]**

The United States of America hereby responds to Defendant Phillip Michael Valcin Jr.'s

objections to his draft Presentence Investigation Report disclosed May 8, 2026 (DE 209) (the

"PSR").   Valcin filed his written objections on May 22, 2026 (DE 215).

**1.      Valcin's Objection to Paragraph 58**

Valcin objects to paragraph 58 of the PSR for failing to give him a mitigating role

adjustment under § 3B1.2.

**Government's Response**

Valcin is not entitled to a mitigating role adjustment.   As established by the undisputed

facts in Valcin's Factual Proffer (DE 153) and the offense conduct in his PSR (¶¶ 12–29, 43–45),

Valcin participated in a large-scale unemployment insurance ("UI") fraud scheme that spanned

nearly two years, exploited the personal identifying information of 149 victims, and caused more

than $1.6 million in actual loss. The PSR does not recommend a mitigating role reduction for any

defendant, and Valcin is certainly not an exception.

Valcin argues that he is less culpable because he purportedly conducted "fewer" ATM withdrawals of the fraudulent UI proceeds and allegedly received "very little money" from the scheme. However, his reasoning fails in several respects.

First, the "11" ATM transactions that Valcin cites reflect only those instances for which Bank of America retained video surveillance of him withdrawing fraudulent UI funds. This does not establish the total number of withdrawals he made, nor does it reflect the net fraud proceeds he ultimately received.

Second, the number of ATM withdrawals in cases like this does not correlate to culpability—in fact, there is often an inverse correlation. In complex schemes like this one—involving hundreds of fraudulent claims, stolen PII, counterfeit identification documents, and hundreds of debit cards—the leaders and organizers frequently direct underlings to make ATM withdrawals to shield their own involvement. Indeed, in this case, co-defendants Chambers and Thomas made dozens of ATM withdrawals at co-conspirators' request and told investigators they returned more than 90% of those proceeds to the individuals directing the scheme.

Third, Valcin's criminal history—including convictions for burglary, grand theft, fraud/impersonation, and credit-card-related fraud—undercuts his assertion that he played a minor role here. His prior convictions demonstrate familiarity with similar fraud schemes and support the conclusion that his involvement extended beyond making ATM withdrawals of UI funds. This is further corroborated by the undisputed fact that Valcin's phone number was used to activate multiple debit cards involved in the fraud. Several of the debit cards that Valcin used to withdraw fraudulent UI funds were also used by at least one co-defendant (Thomas), indicating that Valcin was responsible for distributing the debit cards to increase the number of withdrawals.

In sum, there is no factual basis to support a mitigating role reduction for Valcin.   The Court should therefore overrule his objection to paragraph 58.

**2.** **Objection to Paragraphs 82 and 87**

Valcin objects to paragraph 82, which assesses one criminal history point for the sentence imposed for his loitering conviction in 2013.   He therefore also objects to paragraph 87, which calculates a total of six criminal history points.

**Government's Response**

The Addendum to the Presentence Report, disclosed June 5, 2026 (DE 222-1), states: "Pursuant to § 4A1.2(c)(2), sentences for the following loitering and prowling, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days.   In this case, [Valcin] received a sentence of 45 days in jail for violation of his probation sentence.   Therefore, one criminal history point was correctly assessed to this criminal conviction."

However, the government concedes that "loitering" is an offense listed in the table in § 4A1.2(c)(2), which are offenses that, pursuant to the text of that section, are "never counted."   The condition that sentences for misdemeanor and petty offenses are counted only if the sentence imposed was at least 30 days 'imprisonment appears to apply only to the offenses listed in the table at § 4A1.2(c)(1), which does not include loitering.

Nevertheless, whether Valcin is assessed five or six total criminal history points, he remains in Criminal History Category III.

3.      **Objection to Paragraph 141**

Valcin objects to paragraph 141 on the ground that Probation has not identified factors that may warrant a sentence outside of the Guideline range.

**Government's Response**

As set forth in the government's sentencing memorandum (DE 223), which is incorporated herein by reference, the sentencing factors under 18 U.S.C. § 3553(a) do not support a variance for Valcin.

Valcin's criminal history, which began at age 19, includes convictions for burglary, grand theft, fraud, impersonation, and credit card related offenses. Notably, he was serving a term of probation for his 2017 fraud conviction when he committed the instant offense, demonstrating that prior judicial intervention failed to deter him.   His additional criminal conduct—including a 2016 arrest in Missouri for credit card fraud and a 2021 Florida case involving firearm-related charges—further reflects repeated unlawful behavior. He also has a documented pattern of probation violations and revocations.   Taken together, Valcin's conduct and his refusal to cooperate in this case indicate a continuing risk of recidivism.

*[Remainder of Page Intentionally Blank]*

A Guidelines-range sentence for Valcin is necessary to reflect the seriousness of the offense, promote respect for the law, and deter future criminal activity by him and others.   The Court should therefore overrule Valcin's objection to paragraph 141 and impose the Guidelines sentence recommended by the government in its sentencing memorandum (87 months' imprisonment).

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   */s/ David A. Snider*
David A. Snider
Assistant United States Attorney
Court ID No. A5502260
99 N.E. 4th Street
Miami, FL 33132
Tel: (305) 961-9446
Email: david.snider@usdoj.gov